IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS R. GALLOWAY, JR., ) | |
| ) | |
| Petitioner, ) | Civil Action No. 20-361 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| PENNSYLVANIA PROBATION AND ) | |
| PAROLE BOARD, WESTMORELAND ) | |
| COUNTY PRISON, DISTRICT ATTORNEY ) | Re: ECF No. 15 |
| OF WESTMORELAND COUNTY, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| COMMONWEALTH OF PENNSYLVANIA ) | |
| ) | |
| Respondents. ) | |

## ORDER OF COURT

Thomas R. Galloway, Jr. ("Petitioner") has filed this Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"). By means of the Petition, he seeks to challenge actions of the Board in lodging a detainer against Petitioner and/or taking away "street time" based upon him being a convicted parole violator and, consequently, recalculating his maximum sentence expiration date by adding back this "street time" to his maximum sentence expiration date.

The Court has ordered the Petition to be served and an Answer is not now due until July 15, 2020. ECF No. 11.

Petitioner has now filed a "Motion for Emergency Release." ECF No. 15. He is complaining of his confinement there because of the "Covid-19 state of emergency." Id. at 1. Petitioner also asserts that "fits the state emergency requirements of a non-violent offender to be released under this state of emergency." Id.

The Motion for Emergency Release is DENIED. As this is a habeas petition and as exhaustion of state court remedies is generally required in habeas petitions, and as the Common Pleas Court of Westmoreland County has in place a procedure for addressing Covid-19 release requests[1] even during its partial shutdown, and as Petitioner has not alleged that he availed himself of such a procedure, the Motion is properly denied on this ground alone. Moreover, to the extent that he claims entitlement to release based on state law grounds regarding Covid-19 and release of non-violent offenders, such state law claims cannot form the basis for relief in federal habeas proceedings. However, even if exhaustion were not an issue, Petitioner has utterly failed to convince this Court that he should be released from his current confinement on an emergency basis. His representation that he is a non-violent offender does not appear to take account of the fact that he was convicted of aggravated assault which would seem to qualify as a violent crime.[2] In the exercise of our discretion, Petitioner should not be immediately released on an emergency basis, and therefore, the Motion for Emergency Release is properly denied.

BY THE COURT:

Date: June 2, 2020

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[1] https://www.co.westmoreland.pa.us/DocumentCenter/View/18582/COVID-19-INMATE-RELEASE-MEMO-4-9-20

(site last visited 6/2/2020).

[2] See Com. v. Galloway, CP-65-CR-0001429-1995 (Westmoreland County)

https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-65-CR-0001429-1995&dnh=XWOwh2Xr2237liPM%2f87MMQ%3d%3d

(site last visited 6/2/2020).

cc:     THOMAS R. GALLOWAY, JR.
       JY-8603
       Westmoreland County Prison
       3000 South Grande Boulevard
       Greensburg, PA 15601

       All Counsel of record via CM-ECF