**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

THOMAS R. GALLOWAY, JR.,

Petitioner,

v.

PENNSYLVANIA PROBATION AND PAROLE BOARD, WESTMORELAND COUNTY PRISON, DISTRICT ATTORNEY OF WESTMORELAND COUNTY, and ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA

Respondents.

Civil Action No. 20-361
Magistrate Judge Maureen P. Kelly

Re: ECF No. 30

**MEMORANDUM OPINION AND ORDER**

**Kelly, Magistrate Judge**

Petitioner Thomas R. Galloway, Jr., ("Petitioner") presented a federal habeas corpus claim against Respondents Pennsylvania Probation and Parole Board, Westmoreland County Prison, District Attorney of Westmoreland County, and Attorney General of the Commonwealth of Pennsylvania ("Respondents"), alleging that Respondents improperly recalculated his maximum sentence date at Westmoreland County Prison ("WCP").[1]

On September 22, 2021, Petitioner submitted correspondence to this Court in a prisoner civil rights case stating that he had been released from WCP on September 14, 2021. Galloway v. Walton, No. 20-cv-611 (W.D. Pa. Sep. 22, 2021) ECF No. 121. A review of the public records of Westmoreland County, Pennsylvania conducted on March 9, 2022, indicated that Petitioner was no longer held in WCP. ECF No. 30 at 2.

---

[1] Full consent to the jurisdiction of a United States Magistrate Judge was obtained on August 21, 2020. ECF Nos. 9 and 28.

On March 10, 2022, this Court issued an Order directing Petitioner to show cause why this case should not be dismissed as moot. The response to this Order was due by April 11, 2022. ECF No. 30. However, the Order to Show Cause was returned as undeliverable on April 18, 2022. ECF No. 31. Based on a second change of address filed by Petitioner in Civil Action No. 20-611, the Order to Show Cause was re-mailed to another of Petitioner's addresses on the same date. Id. The deadline for Petitioner to respond to the Order to Show Cause was extended to May 18, 2022. Id. To date, Petitioner has failed to respond or given any other indication that he wishes to proceed with this action.

Dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Consideration of these factors indicates that the instant action should be dismissed.

The Poulis factors are not a "magic formula" which can determine whether a case should be dismissed for failure to prosecute. Mindek, 964 F.2d at 1372. Moreover, all six of the Poulis factors do not need to weigh in favor of dismissal for a court to dismiss a complaint. See C. T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988). Instead, the court

must "properly consider and balance" each factor in light of the present facts. Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019) (citing Poulis, 747 F.2d at 868). Application of the Poulis factors is appropriate in the context of habeas cases as well as to civil rights actions. Harlacher v. Pennsylvania, No. 10-0267, 2010 WL 1462494, at *3 (M.D. Pa. Mar. 12, 2010), *report and recommendation adopted*, 2010 WL 1445552 (M.D. Pa. Apr. 9, 2010) (applying Poulis to a habeas case).

The United States Court of Appeals for the Third Circuit has instructed that the Poulis factors should be evaluated, where possible, to "resolve doubt in favor of a decision on the merits." Hildebrand, 923 F.3d at 138. While dismissal is considered a "last resort," such an outcome is nevertheless "a sanction rightfully in the district courts' toolbox." Id. at 132, 138.

The first Poulis factor requires the Court to consider the extent to which the Petitioner is personally responsible for the sanctionable conduct. See Adams v. Trustees of N.J. Brewery Employees' Pension Trust, 29 F.3d 863, 873 (3d. Cir. 1994) ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Petitioner is proceeding *pro se*, and is therefore solely responsible for his failure to respond to the Order to Show Cause. See, e.g., Colon v. Karnes, No. 11-cv-1704, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions. Plaintiff is responsible for complying with court orders."). This factor weighs in favor of dismissal.

The second Poulis factor considers whether Petitioner's failure to comply with the Order to Show Cause has prejudiced the adverse party. Such prejudice can include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly

irremediable burdens or costs imposed on the opposing party." Adams, 29 F.3d at 874. Prejudice can also be recognized as "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). As Petitioner's habeas claim appears to be moot, this Court cannot discern prejudice to any party. Therefore, the Court treats this factor as neutral.

The third Poulis factor asks whether Petitioner has a history of dilatoriness. Petitioner has failed to comply with this Court's orders to update his address in this case, and has failed to respond to the Order to Show Cause. ECF Nos. 7 at 2, 30, and 31. Therefore, this factor weighs in favor of dismissal.

The fourth Poulis factor considers whether the Petitioner's conduct was willful or in bad faith. According to the United States Court of Appeals for the Third Circuit, willful behavior is "intentional or self-serving." Adams, 29 F.3d at 874. Petitioner has ignored the Order to Show Cause. ECF Nos. 30 and 31. Petitioner has failed to update this Court on his current address in this matter, despite having been ordered to do so. ECF No. 7 at 2. It is only because Petitioner has notified this Court of changes to his address in his civil rights case at Civil Action No. 20-611 that his current whereabouts are known. Petitioner's failure to respond to Court orders appears willful. Therefore, this factor weighs in favor of dismissal.

The fifth Poulis factor considers whether there are any available and effective alternatives to dismissal. Petitioner in this matter is proceeding *pro se* and *in forma pauperis*. ECF Nos. 1 and 5. The undersigned concludes that monetary sanctions would be ineffective in this case. See, e.g., Brennan v. Clouse, No. 11-146, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with

indigent *pro se* parties.") (citing Emerson v. Thiel College, 296 F.3d 1184, 191 (3d Cir. 2002)). Therefore, this factor weighs in favor of dismissal.

The sixth and final Poulis factor requires that the Court consider the potential merit of Petitioner's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." Poulis, 747 F.2d at 869-70. However, here, the evidence of record indicates that this case is moot, and Petitioner has failed to comply with an order by the Court to explain why it is not. Therefore, the sixth factor weighs in favor of dismissal.

On balance, this Court concludes that five of the six Poulis factors weigh in favor of dismissal. As a result, this Court concludes that, on the present facts, dismissal is appropriate. A certificate of appealability will be denied, because jurists of reason would not find the foregoing debatable. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

Accordingly, the following Order is entered:

AND NOW, this 22nd day of June, 2022, IT IS HEREBY ORDERED that the Petition filed in the above-captioned case is DISMISSED for failure to prosecute. A certificate of appealability is DENIED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Petitioner wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT,

***/s/ Maureen P. Kelly***
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: THOMAS R. GALLOWAY, JR.
700 Beulah Rd
Pittsburgh, PA 15235

All counsel of record via CM/ECF